An examination of the facts and the law of this case has led me to a conclusion that the views which the supreme court have taken of it are correct.
A subsequent delivery and acceptance of a part of the malt, under the contract, as found by the jury, is sufficient to take the case out of the statute. (Sprague v. Blake, 20 Wend. R. 61, and cases there cited; also, Vincent v. Germond, 11J.R. 283.)
The instruction asked for by the appellant in regard to the second agreement did not go far enough to cut off the respondent's right of recovery on the first one. The rule is well settled, that when a right of action has accrued, it can only be destroyed by a release under seal, or the acceptance of something in satisfaction. Admitting, as claimed by the appellant, that a new agreement may be substituted in the place, and in satisfaction of a previous one already broken, the instruction asked, failed to reach the gist of the matter, viz., that the new agreement was made and accepted in lieu and satisfaction of the prior one; it only covered the fact that the new agreement embraced the malt already delivered. Nor on the proof could it go farther, as there was none to shew that the parties intended, by the new agreement, to embrace a satisfaction of the damages for the breach of the former one.
The testimony provisionally admitted on the trial, under objection, relative to the damages, was seasonably and distinctly excluded from the case, and the question of damages submitted to the jury on proper grounds.
Judgment affirmed. *Page 547